A husband is regarded as a purchaser for valuable consideration of all the personal property in possession of the wife. A Secret conveyance, therefore, to a trustee by the wife on the eve of the marriage, oí her personal property in possession, even where the object is to make a reasonable provision for the children of a former marriage, is fraudulent and void as against the husband.
No act of the husband, such as giving a note to the trustee for the hire of the property, will amount to a confirmation of the conveyance, unless the husband knows, at the time he does the act, that the original transaction is questionable.
The decree of his Honor is as follows :
In general, it is not questioned that a voluntary conveyance •made by a woman in contemplation of marriage, without the *406 knowledge of the intended husband, will be set aside as a fraud on the marital rights. It has been supposed, however, that exceptions have been made in some particular cases, as where the object was to make a reasonable provision for the children of a former marriage. In the case of Ramsay vs. Joyce,(a) I expressed my own opinion, that there was no such exception. By assuming the burdens of the marriage relation, the husband is regarded as a purchaser for valuable consideration of all the personal property in possession of his wife, and is there any doubt but that a voluntary conveyance, even to provide for children, is void against a subsequent, purchaser for valuable consideration and without notice ?
The principal question, however, related to the confirmation of the deed, by complainant’s acquiescence after he was apprized of it, and his giving the notes for the hire of the negroes. I am inclined to believe that such a transaction must be regarded as a case of actual fraud — suppressio veri — the suppression of truth which the party was bound to disclose — which cannot be confirmed by any thing short of that which would operate as an original conveyance, rather than one of those in which fraud is implied from the circumstances and relation of the parties, which admit of confirmation. If one should sell to another, for a valuable money consideration, property, of part of which he had a few days before made a voluntary conveyance to a third person, it could hardly be doubted but that this amounted to actual fraud.
But, supposing it to be of the latter class, I think the alleged acts of confirmation are not sufficient to have that effect. To operate as a confirmation, I think the act must be intended to confirm. It seemed to be thought that the rule in this respect was laid down somewhat too strongly in Butler vs. Haskell, 4 Des. 709, that the party must be no longer under the circumstances of necessity, influence, or confidence which led to the first transaction, and that he must be “aware that he isnot bound by the original contract, but may be released from it; but that, nevertheless, he chooses, deliberately and without imposition, to confirm what he had first done.” The rule, I think, may very well be taken as laid down by Lord Redesdale in Murray vs. Palmer, 2 Sch. <& Lef. 486, that the party must at least be aware that the act he is doing is to have the effect of confirming an *407 impeachable transaction. He must at all events know that the original transaction was questionable. The maxim that every, one must be presumed to know the Jaw, seems not to apply where the party has been practised upon by fraud. In the present case there is nothing to shew that the complainant knew the original transaction to be questionable, or any thing more than that he acquiesced in what seemed to him inevitable.
It is therefore ordered and decreed, that the deed in question be set aside and delivered up to be cancelled.